## WESTERN DISTRICT,

## 1857.

———o———

## COUNTY OF ANDROSCOGGIN.

———o———

. SAMUEL ROGERS *versus* EBENEZER E. WAITE.

If the defendant would justify an assault, he must show that the plaintiff first assaulted him, and that his acts were necessarily in defence of his own person.

And he must also show that the force used by him was appropriate in kind, and suitable in degree.

EXCEPTIONS to the rulings of MAY, J.

This was an action of TRESPASS for an alleged assault and battery, to which the defendant pleaded the general issue, with a brief statement of justification, that the injury, if any, was inflicted by the defendant in self-defence, from the assault of the plaintiff.

Evidence was introduced tending to show that the defendant struck the plaintiff with an open knife, and that the plaintiff sustained injury from the defendant at the time and place alleged in the writ, and evidence was also introduced tending to show that the plaintiff, at the time and place when and where he sustained said injury, commenced the first assault, and was in the act of assaulting and striking the defendant again, and that the said defendant did not strike with a knife, but struck the blow with his fist only, which occasioned said injury, in self-defence and for his own protection.

The presiding judge instructed the jury, that if they found that the plaintiff was the aggressor, and was in the act of assaulting and beating the defendant, at the time the injury, if any, was inflicted on the plaintiff by the defendant, this would authorize the defendant to use sufficient force for his own defence, and for the protection of his own rights or person, but that if, in repelling the plaintiff's assault, the defendant used unnecessary and unreasonable violence and force, under the circumstances, he would be liable to the plaintiff in damages in this action for such excess, and the plaintiff, in such case, would be entitled to recover damages for the injury occasioned him by such unnecessary and unreasonable violence and force, and other appropriate instructions were given, to which no exception was taken. The jury found a verdict for the plaintiff, and the defendant excepted.

*C. W. Goddard,* counsel for the defendant, argued in support of the exceptions.

It is not the purpose of the defendant's counsel to burden the court with precedents or authorities, being fully aware that they are perfectly familiar with such as have any reference to the single point in question, but, on the contrary, very briefly to indicate, independent of authorities, my views on this subject, and the reasons why, in my judgment, a different instruction should have been given to the jury.

It is believed that when a man deliberately violates the law, by breaking the peace and assaulting and beating his peaceful neighbor, provoking his anger and exciting his passions, voluntarily, wilfully and needlessly, he is not in an attitude which the law will regard with favor or approbation; that public policy, justice, and a proper regard for the public peace, and that respect for individual rights and the sanctity of the person of every citizen, which a free and well regulated government should entertain, should not allow such a violator of law to avail himself of his own wrong, and sue for compensation for damages directly occasioned by his own lawless and criminal conduct, unless he can clearly show

that the injury of which he complains may not only appear in some degree excessive, or what is the same thing, "unnecessary and unreasonable," to the calm deliberation of a jury, far removed from the time and place of provocation and assault, but unless he can plainly prove that the injury inflicted was so excessive, unreasonable and unnecessary, as to have been within the knowledge of the party originally assailed and now sued, or, in other words, that he should be compelled to satisfy the jury that the party originally assailed and naturally excited, thrown off his guard by the attack, acted with evil intention and a bad motive.

It seems hard that a man unexpectedly and most unjustifiably assaulted, while in the peace of the state, and thus called on to defend himself at a moment's notice, should be compelled to weigh, at his peril, the exact amount of force absolutely necessary for his protection, with the certainty that he must pay the assailant, in money, for any excess, however slight, which a jury, months afterwards, may conclude existed, although every member of the panel may be satisfied that the party assailed acted in entire good faith, and from the most justifiable motives, and that he had good reason, *at the time and place,* to apprehend further violence, and to believe that the force he used was absolutely necessary.

If a violator of the public peace is to be permitted to claim *civil* damages at all, for injury sustained while acting in defiance of law, let it be restricted to cases where the force employed in the defence and protection of his victim is *grossly excessive,* so as to involve either a *malicious disposition* or an *inexcusable* want of judgment on the part of the defendant.

*T. & M. T. Ludden,* counsel for the plaintiff.

DAVIS, J.   In an action of trespass for a personal assault, if the defendant justifies under the plea of *son assault demesne,* he must show that the plaintiff committed the first assault, and that what was thereupon done by him, was in

the necessary defence of his own person.  Greenl. Ev., s. 95. And he must also show that the force used by him was appropriate in kind, and suitable in degree.  *Commonwealth* v. *Clark*, 2 Met. R., 23.

The instructions given in this case are in accordance with these principles.

*Exceptions overruled.*